**FILED**

NOV 1 2 2004

LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DAVID W. BIBEAU, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KATHERINE ANN KURTZ-BIBEAU,<br><br>PLAINTIFF,<br><br>vs.<br><br>JAMES MICHAEL SHORTT, M.D., HEALTH DIMENSIONS, LLC, AND CONGAREE PHARMACY, INC.,<br><br>DEFENDANTS. | C.A. NO. 3:04-22306-10<br><br><br><br><br>ANSWER TO AMENDED COMPLAINT OF DEFENDANT, JAMES MICHAEL SHORTT, M.D. |

TO: RICHARD MARK GERGEL, ESQUIRE, GERGEL, NICKLES & SOLOMON, P.A., ATTORNEYS FOR PLAINTIFF:

The Defendant, James Michael Shortt, M.D. ("Dr. Shortt"), answering the Complaint of the Plaintiff, alleges and says:

1. Dr. Shortt denies each and every allegations of the Plaintiff's Complaint not hereinafter specifically admitted.

2. Dr. Shortt states that the allegations in Paragraph 1 of the Plaintiff's Complaint state conclusions of law which require no response.

3. Dr. Shortt admits, on information and belief, the allegations of Paragraph 2 of the Plaintiff's Complaint.

4. Dr. Shortt admits the allegations of Paragraphs 3 and 4 of the Plaintiff's Complaint.



5. Dr. Shortt does not have sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 5, 6 and 7 of Plaintiff's Complaint; however, he admits those allegations on information and belief.

6. Dr. Shortt admits so much of the allegations of Paragraph 8 of Plaintiff's Complaint as allege that Ms. Bibeau was 52 years of age when she first contacted Dr. Shortt, and had been diagnosed with multiple sclerosis but had many other underlying healthcare problems. Dr. Shortt admits that Ms. Bibeau was investigating natural and alternative treatments for her disease process, and that she was residing in Minnesota at the time of the first contact with his office. Dr. Shortt denies all of the remaining allegations of Paragraph 6 of the Plaintiff's Complaint, except for the allegation that he holds himself out as being a "longevity physician", which he admits.

7. Dr. Shortt denies the allegations of Paragraph 9 of the Plaintiff's Complaint as alleged, and affirmatively states that at a .03% diluted solution, which was the solution administered one time to the Plaintiff, there are the side effects noted in the Oxidative Informed Consent Form which Ms. Bibeau signed on March 9, 2004, but at that .03% diluted solution not all of those alleged in Paragraph 7 of the Plaintiff's Complaint are known side effects. Specifically, there is no known risk of death associated with injections of hydrogen peroxide at .03% diluted levels over a 90 minute period of infusion.

8. Dr. Shortt denies all of the allegations of Paragraph 10 of the Plaintiff's Complaint, except the allegation which alleges that patients with chronic illnesses in locations in the United States and sometimes in Europe came to his clinic in West Columbia, South Carolina for treatment, which allegations are admitted.

2

9. Dr. Shortt admits so much of the allegations of Paragraph 11 of the Plaintiff's Complaint as allege that Ms. Bibeau was seen by his practice on October 21, 2003; however, he denies the remaining allegations of Paragraph 9 of the Plaintiff's Complaint as alleged.

10. Dr. Shortt denies the allegations of Paragraphs 12, 13 and 14 of the Plaintiff's Complaint, and specifically alleges that Ms. Bibeau received the oxidative therapy treatment over a 90 minute period of March 9, 2004 at the offices of Health Dimensions, LLC, at a diluted rate of .03% mg.

11. Dr. Shortt denies the allegations of Paragraphs 15 and 16 of the Plaintiff's Complaint.

12. Dr. Shortt, in responding to Paragraph 17 of the Plaintiff's Complaint, also demands a trial by jury.

13. Dr. Shortt denies the allegations of Paragraphs 18, 19, 10 and 21 of the Plaintiff's Complaint, said paragraphs being the remaining paragraphs of Plaintiff's Complaint.

### FURTHER ANSWERING SAID COMPLAINT
### AND AS A FIRST AFFIRMATIVE DEFENSE THERETO:

14. Dr. Shortt alleges that the Plaintiff was contributorily and/or comparatively negligent, reckless, willful and wanton, and/or comparatively negligent, reckless, which bars her recovery herein.

### FURTHER ANSWERING SAID COMPLAINT
### AND AS A SECOND AFFIRMATIVE DEFENSE THERETO:

15. That the Plaintiff voluntarily assumed the risk of known injury when, after having been given proper informed consent and having the Oxidative therapy explained to her and signing the Oxidative Therapy Consent Form prior to the treatment, she voluntarily agreed to undergo the oxidative therapy treatment.

3

### FURTHER ANSWERING SAID COMPLAINT
### AND AS A THIRD AFFIRMATIVE DEFENSE THERETO:

16. That the Plaintiff's deceased voluntarily assumed the risk of injury by failing to notify the Dr. Shortt that the Plaintiff was experiencing adverse reactions when the risks of the alleged injury were open, obvious and apparent and were known to, or should have been known to Plaintiff; that the Plaintiff was perfectly competent to judge the safety of the circumstances and conditions at the time and place alleged in the Complaint, and therefore by Plaintiff's own inaction, in failing to notify the Dr. Shortt that Plaintiff was experiencing adverse reactions, Plaintiff assumed the risk of Plaintiff's injuries in such manner and on such occasion, and for that reason, this Defendant is not liable to the Plaintiff in any sum whatsoever.

### FURTHER ANSWERING SAID COMPLAINT
### AND AS A FOURTH AFFIRMATIVE DEFENSE THERETO:

17. This Defendant would allege, upon information and belief, that any injuries or damages sustained by the Plaintiff were due to, caused and occasioned by a natural disease process over which these Defendants had no control and, as such, Dr. Shortt pleads such a natural disease process as a complete bar to this action.

### FURTHER ANSWERING SAID COMPLAINT
### AND AS A FIFTH AFFIRMATIVE DEFENSE THERETO:

18. Dr. Shortt alleges and states upon information and belief, that the Plaintiff's deceased was contributorily and/or comparatively negligent and reckless in failing to exercise due care for her own health.

### FURTHER ANSWERING SAID COMPLAINT
### AND AS A SIXTH AFFIRMATIVE DEFENSE THERETO:

19. That there was nothing that Dr. Shortt did or failed to do which caused or contributed to her death, the most probable cause being the adverse actions of two or more

prescription drugs which the Plaintiff knew or should have known could cause serious adverse side effects, to include death.

### FURTHER ANSWERING SAID COMPLAINT
### AND AS A SEVENTH AFFIRMATIVE DEFENSE THERETO:

20. This Defendant would show that an award of punitive damages constitutes deprivation of Property without due process of law and thus violates the constitutions of South Carolina and the United States.

### FURTHER ANSWERING SAID COMPLAINT
### AND AS A EIGHTH AFFIRMATIVE DEFENSE THERETO:

21. The intervening negligence and recklessness of third parties, who are no defendants in this action, bars Plaintiff's recovery herein.

YOUNG CLEMENT RIVERS, LLP

By: _____
J. Rutledge Young, Jr.  Federal I.D. #: 4432
P.O. Box 993, Charleston, SC 29402
(843) 724-6669;  E-mail: ryoung@ycrlaw.com
Attorneys for the Defendant, James Michael Shortt, M.D.

By: _____
William L. Howard, Sr.  Federal I.D. #: 1967
P.O. Box 993, Charleston, SC 29402
(843) 724-6669;  E-mail: bhoward@ycrlaw.com
Attorneys for the Defendant, James Michael Shortt, M.D.

Charleston, South Carolina

Dated: November 10, 2004

**CERTIFICATE OF MAILING**

I hereby certify that a copy of the foregoing pleading was mailed to all counsel of record in this proceeding this 11th day of November, 2004.

_____