**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| DAVID W. BIBEAU, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KATHERINE ANN KURTZ-BIBEAU, | ) ) ) ) | C/A No. 3:04-22306-10 |
| Plaintiff, | ) ) | |
| v. | ) ) | **ANSWERS OF DEFENDANT J.H. "BUSTER" PHILLIPS, JR.,** |
| JAMES MICHAEL SHORTT, M.D.; HEALTH DIMENSIONS, LLC; AND CONGAREE PHARMACY, INC.,; GEORGE DAWN, R.Ph. AND J.H. "BUSTER" PHILLIPS, JR., R.Ph., | ) ) ) ) ) | **TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** |
| Defendants. | ) ) | |

Comes now the Defendant, J.H. "Buster" Phillips, Jr., by and through the undersigned attorneys, and submits his Answers to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents, to-wit:

1. Give the names and addresses of persons known to the parties or counsel to be witnesses concerning facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

**RESPONSE:**

Discovery is ongoing. Upon information and belief, the individuals listed below have been identified as having or possibly having knowledge or information concerning the facts of this case:

    a.    David W. Bibeau

    b.    James Michael Shortt, M.D.

    c.    George Dawn, R.Ph.
        3425 Bronte Road
        Columbia, SC  29210

d.    J.H. "Buster" Phillips, Jr.
334 Kitty Wake Dr
West Columbia, SC  29170

e.    D.M. Lawrence
4400 Broad River Rd.
Columbia, SC  29210

f.    Lt. Roger Owens
4400 Broad River Rd.
Columbia, SC  29210

g.    Laurie V. Caldwell
4400 Broad River Rd.
Columbia, SC  29210

h.    Nancy W. Bostick
1701 Main St.
Columbia, SC  29201

i.    Gary M. Watts
Palmetto Richland Memorial Hospital
Department of Pathology
5 Richland Medical Park
Columbia, SC  29203

j.    Clay A. Nichols, M.D.
Palmetto Richland Memorial Hospital
Department of Pathology
5 Richland Medical Park
Columbia, SC  29203

k.    Robert A. Middleberg, PhD, DABFT, DABCC
National Medical Services
3701 Welsh Rd
PO Box 433A
Willow Grove, PA  19090-0437

l.    Cathy Rawls
PO Box 192
Columbia, SC  29202

The Defendant further reserves the right to supplement and/or amend said list upon further

discovery, in accordance with the FRCP.  The Defendant also reserves the right to call as

witnesses any and all witnesses called and/or listed by any party to this action, or as identified during discovery.

2. Produce a copy of all records in your possession relating in any manner to Katherine Ann Kurtz-Bibeau.

**RESPONSE:**

The Defendant objects to this request on the grounds that it seeks documents that are subject to the attorney-client privilege and work-product doctrine. In addition, it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant has the following records in his possession:

1) Physician Utilization Report for Congaree Pharmacy (as to Dr. Shortt)

2) Insurance Report from 1/10/02 – 10/07/04

3) Drug Recall Report, NDC: 99999-0003-30

4) Drug Recall Report, NDC: 99999-3361-94

5) S.L.E.D. Search Warrant (9/20/04) for Congaree Pharmacy

6) Inventory List from 9/20/04 search

7) Autopsy Report of Katherine Bibeau

8) Copy of Certificate of Death- Katherine Ann Kurtz-Bibeau

9) A Copy of a Label of Hydrogen Peroxide supplied to Dr. Shortt provided by Plaintiff's counsel

The Defendant reserves the right to supplement and/or amend his response to this interrogatory as discovery proceeds, in accordance with the FRCP, up to and including the time of trial.

3. Produce each and every record in your possession not produced in response to number 2 above which relates in any manner to matters asserted in Plaintiff's Complaint or

Defendant's Answer.

**RESPONSE:**

Please refer to Defendant's Response to Interrogatory number 2.

4.    List the name, address and phone number of any expert witness whom the Defendant proposes to use as a witness at the trial of the case and for each state in detail:

    a.  the expert's qualifications to testify;

    b.  a description of the subject matter on which each such expert is expected to testify;

    c.  identification of the documents on which each such expert is expected to rely and testify;

    d.  a description of the opinions and conclusions each such expert is expected to testify;

    e.  a summary of the grounds for each such opinion and conclusion; and

    f.  list the caption, jurisdiction, year of filing and attorneys for plaintiff and defendant in any civil action in which the expert has given court or deposition testimony in which an expert medical opinion was rendered.

**RESPONSE:**

Objection. The Defendant responding to this interrogatory has not yet designated expert trial witnesses, and will supplement his response as appropriate according to the terms of the approved Scheduling Order. The Defendant reserves the right to elicit opinion testimony, where appropriate, from any witnesses identified by all parties throughout the course of discovery.

5.    Produce all documents or other items or exhibits which the Defendant intends to offer into evidence at the trial of the case.

**RESPONSE:**

At this time, discovery is still ongoing. This Defendant reserves the right to supplement this response as discovery proceeds, in accordance with the FRCP, up to and including the time of trial.

6.     Identify all insurance companies which provide any potential liability insurance coverage arising out of the factual circumstances asserted in the Plaintiff's Complaint and identify the carrier and the maximum limits of each policy.

**RESPONSE:**

The Defendant, J.H. "Buster" Phillips, Jr., has professional liability insurance coverage through the Pharmacists Mutual Companies, 808 Hwy 18 West, PO Box 370, Algona, Iowa  50511-0370, affording limits of $1,000,000.00 per occurrence limit, $1,000,000.00 general aggregate limit and $1,000,000.00 products/completed work aggregate limit.

7.     Produce a copy of all insurance policies referenced in response to paragraph 6 above.

**RESPONSE:**

A copy of the applicable policy will be made available for review at a mutually convenient date and time at the office of Barnwell Whaley Patterson & Helms, LLC.

8.     Identify the pharmacist who dispensed the prescription drug order of hydrogen peroxide for Ms. Kurtz-Bibeau.

**RESPONSE:**

Objection. There was no prescription drug order for hydrogen peroxide for Ms. Kurtz-Bibeau.

9.     Produce the following records regarding the receiving, compounding and/or dispensing of the prescription drug order of hydrogen peroxide for Ms. Kurtz-Bibeau:

     a. Produce the order or prescription prepared by Dr. Shortt and/or Health

Dimensions, LLC;

b.  Produce a copy of the label which was affixed to the prescription drug order for hydrogen peroxide;

c.  Produce all excerpts from the Defendant's log book identifying the repackager, name of the drug, lot number, manufacturer, facility control number, expiration date, quantity, and initials of the pharmacist relating to the prescription drug order for hydrogen peroxide for Ms.Kurtz-Bibeau, as required by S.C. Code § 40-43-86(I)(1)(b);

d.  Produce all records in the Defendant pharmacy's patient record system relating to Ms. Kurtz-Bibeau, as required by S.C. Code § 40-43-86(j)(1);

e.  Identify and produce copies of all references which the dispensing pharmacist consulted at any time prior to filling a prescription drug order of hydrogen peroxide for Ms. Kurtz-Bibeau which relate in any manner to the efficacy and/or risks associated with the human ingestion of hydrogen peroxide; and

f.  Produce all records relating in any manner to the formula utilized for compounding the prescription drug order for hydrogen peroxide for Ms. Kurtz-Bibeau, as required by S.C. Code § 40-43-86(DD)(6) and (8).

**RESPONSE:**

Objection. There was no prescription drug order for hydrogen peroxide for Ms. Kurtz-Bibeau.

10.  Set forth in detail the source of hydrogen peroxide which was utilized in compounding the prescription for Ms. Kurtz-Bibeau and provide the following information regarding such hydrogen peroxide:

a.  State in detail where the hydrogen peroxide was purchased and produce all

records relating to said purchase;

b. Produce a copy of the label, package insert, and other materials concerning appropriate uses, risks, and warnings relating to the use of hydrogen peroxide;

c. State the liquid volume of hydrogen peroxide contained in the original source and the cost of the original container of hydrogen peroxide. Produce all records relating to such costs; and

d. Produce all invoices, bills, or other records relating to the amount charged for the hydrogen peroxide dispensed for the use of Ms. Kurtz-Bibeau.

**RESPONSE:**

Please refer to Defendants Response to Interrogatory numbers 8 & 9.

11. Provide the following information concerning the dispensing of hydrogen peroxide for human ingestion dispensed by Congaree Pharmacy, Inc., at any time prior to the death of Ms. Kurtz-Bibeau:

a. Identify all physicians who had submitted prescription orders for hydrogen peroxide for human ingestion;

b. Identify the number of prescriptions for human ingestion of hydrogen peroxide which had been dispensed prior to Ms. Bibeau's prescription;

c. Identify all materials which were reviewed by any pharmacist associated with Congaree Pharmacy, Inc., prior to any or all of such prescriptions relating to efficacy and/or risks associated with human ingestion of hydrogen peroxide and produce copies of all such records;

d. Identify the dates in which each prescription for hydrogen peroxide was dispensed; and

e. Produce the excerpts from the log book or other records of Congaree Pharmacy, Inc., relating in any manner to the filling of all such prescriptions for hydrogen peroxide for human ingestion.

**RESPONSE:**

Objection. This request is overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it seeks private documents concerning other customers of Defendant to which Plaintiff has no right.

12. Provide the following information concerning the dispensing of hydrogen peroxide for human ingestion dispensed by Congaree Pharmacy, Inc., at any time since the death of Ms. Kurtz-Bibeau:

a. Identify all physicians who had submitted prescription orders for hydrogen peroxide for human ingestion;

b. Identify the number of prescriptions for human ingestion of hydrogen peroxide which had been dispensed prior to Ms. Bibeau's prescription;

c. Identify all materials which were reviewed by any pharmacist associated with Congaree Pharmacy, Inc., prior to any or all of such prescriptions relating to efficacy and/or risks associated with human ingestion of hydrogen peroxide and produce copies of all such records;

d. Identify the dates in which each prescription for hydrogen peroxide was dispensed; and

e. Produce the excerpts from the log book or other records of Congaree Pharmacy, Inc., relating in any manner to the filling of the prescriptions for hydrogen peroxide for human ingestion.

**RESPONSE:**

Please refer to Defendant's Response to Interrogatory number 12.

13.    Identify the pharmacist in charge on the date the prescription for hydrogen peroxide was dispensed for the use of Ms. Kurtz-Bibeau.

**RESPONSE:**

J.H. "Buster" Phillips, Jr.

14.    Set forth in detail all adverse reactions, side effects, and risks associated with the human ingestion of hydrogen peroxide.  Identify and produce all sources of information relating to such adverse reactions, side effects, and risks of hydrogen peroxide.

**RESPONSE:**

Objection.  This request is overly broad and unduly burdensome.  In addition, the information requested is as readily available to Plaintiff and his experts as it is to the Defendant.

15.    Produce all records relating in any manner to all drugs dispensed to and/or for Ms. Kurtz-Bibeau, including, but not limited to the original physician order, the label, formula, the logs, or any other records of any type or nature.

**RESPONSE:**

Please refer to Defendant's Response to Interrogatory number 2.

16.    Produce all package inserts, information material, or other records relating in any manner to the human ingestion of hydrogen peroxide.

**RESPONSE:**

Please refer to Defendant's Response to Interrogatory number 2.

BARNWELL WHALEY
PATTERSON & HELMS, LLC

_____

M. Dawes Cooke, Jr. (Fed ID #288)
James H. Elliott, Jr. (Fed ID #7043)
885 Island Park Drive (Zip: 29492)
P.O. Drawer H
Charleston, SC  29402
(843) 577-7700
mdc@barnwell-whaley.com
jelliott@barnwell-whaley.com
*Attorneys for Defendants
Congaree Pharmacy, Inc.,
J.H. "Buster" Phillips, Jr. and
George Dawn*

January 17, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _17_ day of January, 2005, a true copy of

the Answer of Defendant Congaree Pharmacy, Inc. has been served upon opposing counsel by

mailing a copy properly addressed with sufficient postage affixed thereto as follows:

>       Richard Mark Gergel, Esquire
>       Gergel, Nickles & Solomon, P.A.
>       P.O. Box 1866
>       Columbia, SC  29202
>
>       J. Rutledge Young, Jr., Esquire
>       Young Clement Rivers, LLP
>       P.O. Box 993
>       Charleston, SC  29402

Karen L. Jessee, Legal Secretary
Barnwell Whaley Patterson & Helms, LLC
P.O. Drawer H
Charleston, SC  29402

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| DAVID W. BIBEAU, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KATHERINE ANN KURTZ-BIBEAU, | ) ) ) ) | C/A No. 3:04-22306-10 |
| Plaintiff, | ) ) | |
| v. | ) ) | **ANSWERS OF DEFENDANT, GEORGE DAWN, R.Ph.,** |
| JAMES MICHAEL SHORTT, M.D.; HEALTH DIMENSIONS, LLC; AND CONGAREE PHARMACY, INC..; GEORGE DAWN, R.Ph. AND J.H. "BUSTER" PHILLIPS, JR., R.Ph., | ) ) ) ) ) | **TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** |
| Defendants. | ) ) | |

Comes now the Defendant, George Dawn, R.Ph., by and through the undersigned attorneys, and submits his Answers to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents, to-wit:

1. Give the names and addresses of persons known to the parties or counsel to be witnesses concerning facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

**RESPONSE:**

Discovery is ongoing.  Upon information and belief, the individuals listed below have been identified as having or possibly having knowledge or information concerning the facts of this case:

   a.    David W. Bibeau

   b.    James Michael Shortt, M.D.

   c.    George Dawn, R.Ph.
          3425 Bronte Road
          Columbia, SC  29210

d.     J.H. "Buster" Phillips, Jr.
       334 Kitty Wake Dr
       West Columbia, SC  29170

e.     D.M. Lawrence
       4400 Broad River Rd.
       Columbia, SC  29210

f.     Lt. Roger Owens
       4400 Broad River Rd.
       Columbia, SC  29210

g.     Laurie V. Caldwell
       4400 Broad River Rd.
       Columbia, SC  29210

h.     Nancy W. Bostick
       1701 Main St.
       Columbia, SC  29201

i.     Gary M. Watts
       Palmetto Richland Memorial Hospital
       Department of Pathology
       5 Richland Medical Park
       Columbia, SC  29203

j.     Clay A. Nichols, M.D.
       Palmetto Richland Memorial Hospital
       Department of Pathology
       5 Richland Medical Park
       Columbia, SC  29203

k.     Robert A. Middleberg, PhD, DABFT, DABCC
       National Medical Services
       3701 Welsh Rd
       PO Box 433A
       Willow Grove, PA  19090-0437

l.     Cathy Rawls
       PO Box 192
       Columbia, SC  29202

The Defendant further reserves the right to supplement and/or amend said list upon further

discovery, in accordance with the FRCP.  The Defendant also reserves the right to call as

witnesses any and all witnesses called and/or listed by any party to this action, or as identified during discovery.

2. Produce a copy of all records in your possession relating in any manner to Katherine Ann Kurtz-Bibeau.

**RESPONSE:**

The Defendant objects to this request on the grounds that it seeks documents that are subject to the attorney-client privilege and work-product doctrine. In addition, it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant has the following records in his possession:

    1)    Physician Utilization Report for Congaree Pharmacy (as to Dr. Shortt)

    2)    Insurance Report from 1/10/02 – 10/07/04

    3)    Drug Recall Report, NDC: 99999-0003-30

    4)    Drug Recall Report, NDC: 99999-3361-94

    5)    S.L.E.D. Search Warrant (9/20/04) for Congaree Pharmacy

    6)    Inventory List from 9/20/04 search

    7)    Autopsy Report of Katherine Bibeau

    8)    Copy of Certificate of Death- Katherine Ann Kurtz-Bibeau

    9)    A Copy of a Label of Hydrogen Peroxide supplied to Dr. Shortt provided by Plaintiff's counsel

The Defendant reserves the right to supplement and/or amend his response to this interrogatory as discovery proceeds, in accordance with the FRCP, up to and including the time of trial.

3. Produce each and every record in your possession not produced in response to number 2 above which relates in any manner to matters asserted in Plaintiff's Complaint or

Defendant's Answer.

**RESPONSE:**

Please refer to Defendant's Response to Interrogatory number 2.

    4.    List the name, address and phone number of any expert witness whom the Defendant proposes to use as a witness at the trial of the case and for each state in detail:

        a.  the expert's qualifications to testify;

        b.  a description of the subject matter on which each such expert is expected to testify;

        c.  identification of the documents on which each such expert is expected to rely and testify;

        d.  a description of the opinions and conclusions each such expert is expected to testify;

        e.  a summary of the grounds for each such opinion and conclusion; and

        f.  list the caption, jurisdiction, year of filing and attorneys for plaintiff and defendant in any civil action in which the expert has given court or deposition testimony in which an expert medical opinion was rendered.

**RESPONSE:**

Objection. The Defendant responding to this interrogatory has not yet designated expert trial witnesses, and will supplement his response as appropriate according to the terms of the approved Scheduling Order. The Defendant reserves the right to elicit opinion testimony, where appropriate, from any witnesses identified by all parties throughout the course of discovery.

    5.    Produce all documents or other items or exhibits which the Defendant intends to offer into evidence at the trial of the case.

**RESPONSE:**

At this time, discovery is still ongoing. This Defendant reserves the right to supplement this response as discovery proceeds, in accordance with the FRCP, up to and including the time of trial.

6.    Identify all insurance companies which provide any potential liability insurance coverage arising out of the factual circumstances asserted in the Plaintiff's Complaint and identify the carrier and the maximum limits of each policy.

**RESPONSE:**

The Defendant, George Dawn, R.Ph., has professional liability insurance coverage through the Pharmacists Mutual Companies, 808 Hwy 18 West, PO Box 370, Algona, Iowa 50511-0370, affording limits of $1,000,000.00 per occurrence limit, $1,000,000.00 general aggregate limit and $1,000,000.00 products/completed work aggregate limit.

7.    Produce a copy of all insurance policies referenced in response to paragraph 6 above.

**RESPONSE:**

A copy of the applicable policy will be made available for review at a mutually convenient date and time at the office of Barnwell Whaley Patterson & Helms, LLC.

8.    Identify the pharmacist who dispensed the prescription drug order of hydrogen peroxide for Ms. Kurtz-Bibeau.

**RESPONSE:**

Objection. There was no prescription drug order for hydrogen peroxide for Ms. Kurtz-Bibeau.

9.    Produce the following records regarding the receiving, compounding and/or dispensing of the prescription drug order of hydrogen peroxide for Ms. Kurtz-Bibeau:

    a. Produce the order or prescription prepared by Dr. Shortt and/or Health

Dimensions, LLC;

b.  Produce a copy of the label which was affixed to the prescription drug order for hydrogen peroxide;

c.  Produce all excerpts from the Defendant's log book identifying the repackager, name of the drug, lot number, manufacturer, facility control number, expiration date, quantity, and initials of the pharmacist relating to the prescription drug order for hydrogen peroxide for Ms.Kurtz-Bibeau, as required by S.C. Code § 40-43-86(I)(1)(b);

d.  Produce all records in the Defendant pharmacy's patient record system relating to Ms. Kurtz-Bibeau, as required by S.C. Code § 40-43-86(j)(1);

e.  Identify and produce copies of all references which the dispensing pharmacist consulted at any time prior to filling a prescription drug order of hydrogen peroxide for Ms. Kurtz-Bibeau which relate in any manner to the efficacy and/or risks associated with the human ingestion of hydrogen peroxide; and

f.  Produce all records relating in any manner to the formula utilized for compounding the prescription drug order for hydrogen peroxide for Ms. Kurtz-Bibeau, as required by S.C. Code § 40-43-86(DD)(6) and (8).

**RESPONSE:**

Objection. There was no prescription drug order for hydrogen peroxide for Ms. Kurtz-Bibeau.

10.  Set forth in detail the source of hydrogen peroxide which was utilized in compounding the prescription for Ms. Kurtz-Bibeau and provide the following information regarding such hydrogen peroxide:

a.  State in detail where the hydrogen peroxide was purchased and produce all

records relating to said purchase;

b. Produce a copy of the label, package insert, and other materials concerning appropriate uses, risks, and warnings relating to the use of hydrogen peroxide;

c. State the liquid volume of hydrogen peroxide contained in the original source and the cost of the original container of hydrogen peroxide.  Produce all records relating to such costs; and

d. Produce all invoices, bills, or other records relating to the amount charged for the hydrogen peroxide dispensed for the use of Ms. Kurtz-Bibeau.

**RESPONSE**:

Please refer to Defendants Response to Interrogatory numbers 8 & 9.

11.   Provide the following information concerning the dispensing of hydrogen peroxide for human ingestion dispensed by Congaree Pharmacy, Inc., at any time prior to the death of Ms. Kurtz-Bibeau:

a. Identify all physicians who had submitted prescription orders for hydrogen peroxide for human ingestion;

b. Identify the number of prescriptions for human ingestion of hydrogen peroxide which had been dispensed prior to Ms. Bibeau's prescription;

c. Identify all materials which were reviewed by any pharmacist associated with Congaree Pharmacy, Inc., prior to any or all of such prescriptions relating to efficacy and/or risks associated with human ingestion of hydrogen peroxide and produce copies of all such records;

d. Identify the dates in which each prescription for hydrogen peroxide was dispensed; and

e. Produce the excerpts from the log book or other records of Congaree Pharmacy, Inc., relating in any manner to the filling of all such prescriptions for hydrogen peroxide for human ingestion.

**RESPONSE:**

Objection. This request is overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it seeks private documents concerning other customers of Defendant to which Plaintiff has no right.

12. Provide the following information concerning the dispensing of hydrogen peroxide for human ingestion dispensed by Congaree Pharmacy, Inc., at any time since the death of Ms. Kurtz-Bibeau:

a. Identify all physicians who had submitted prescription orders for hydrogen peroxide for human ingestion;

b. Identify the number of prescriptions for human ingestion of hydrogen peroxide which had been dispensed prior to Ms. Bibeau's prescription;

c. Identify all materials which were reviewed by any pharmacist associated with Congaree Pharmacy, Inc., prior to any or all of such prescriptions relating to efficacy and/or risks associated with human ingestion of hydrogen peroxide and produce copies of all such records;

d. Identify the dates in which each prescription for hydrogen peroxide was dispensed; and

e. Produce the excerpts from the log book or other records of Congaree Pharmacy, Inc., relating in any manner to the filling of the prescriptions for hydrogen peroxide for human ingestion.

**RESPONSE**:

Please refer to Defendant's Response to Interrogatory number 12.

13. Identify the pharmacist in charge on the date the prescription for hydrogen peroxide was dispensed for the use of Ms. Kurtz-Bibeau.

**RESPONSE**:

J.H. "Buster" Phillips, Jr.

14. Set forth in detail all adverse reactions, side effects, and risks associated with the human ingestion of hydrogen peroxide. Identify and produce all sources of information relating to such adverse reactions, side effects, and risks of hydrogen peroxide.

**RESPONSE**:

Objection. This request is overly broad and unduly burdensome. In addition, the information requested is as readily available to Plaintiff and his experts as it is to the Defendant.

15. Produce all records relating in any manner to all drugs dispensed to and/or for Ms. Kurtz-Bibeau, including, but not limited to the original physician order, the label, formula, the logs, or any other records of any type or nature.

**RESPONSE**:

Please refer to Defendant's Response to Interrogatory number 2.

16. Produce all package inserts, information material, or other records relating in any manner to the human ingestion of hydrogen peroxide.

**RESPONSE**:

Please refer to Defendant's Response to Interrogatory number 2.

BARNWELL WHALEY
PATTERSON & HELMS, LLC

_____
M. Dawes Cooke, Jr. (Fed ID #288)
James H. Elliott, Jr. (Fed ID #7043)
885 Island Park Drive (Zip: 29492)
P.O. Drawer H
Charleston, SC  29402
(843) 577-7700
mdc@barnwell-whaley.com
jelliott@barnwell-whaley.com
*Attorneys for Defendants*
*Congaree Pharmacy, Inc.,*
*J.H. "Buster" Phillips, Jr. and*
*George Dawn*

January 17, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this __17__ day of January, 2005, a true copy of

the Answer of Defendant Congaree Pharmacy, Inc. has been served upon opposing counsel by

mailing a copy properly addressed with sufficient postage affixed thereto as follows:

Richard Mark Gergel, Esquire
Gergel, Nickles & Solomon, P.A.
P.O. Box 1866
Columbia, SC  29202

J. Rutledge Young, Jr., Esquire
Young Clement Rivers, LLP
P.O. Box 993
Charleston, SC  29402

_____
Karen L. Jessee, Legal Secretary
Barnwell Whaley Patterson & Helms, LLC
P.O. Drawer H
Charleston, SC  29402