UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| David W. Bibeau, as Personal Representative of the Estate of Katherine Ann Kurtz-Bibeau, ) ) ) ) Plaintiff, ) ) v. ) ) James Michael Shortt, M.D.; Health Dimensions, LLC; Congaree Pharmacy, Inc.; George Dawn, R.Ph. and J. H. "Buster" Phillips, Jr., R. Ph., ) ) ) ) ) ) Defendants. ) | C/A No: 3 04 22306 10<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT CONGAREE PHARMACY'S MOTION FOR EMERGENCY PROTECTIVE ORDER TO FILE PLAINTIFF'S MEMORANDUM IN OPPOSITION UNDER SEAL |

Defendant Congaree Pharmacy has moved before this Court on an emergency basis for a truly extraordinary remedy–the sealing of an opposing party's brief in a pending civil case. The Fourth Circuit has made it clear that the "public's right of access to judicial records and documents may be abrogated only in unusual circumstances" and that the presumption "favors public access." Stone v. University of Maryland Medical Center, 855 F.2d 178 at 182 (4th Cir. 1988); In re: The Knight Publishing Company, 743 F.2d 231, 235 (4th Cir. 1984). Moreover, as the Fourth Circuit stated in Stone, [w]here the First Amendment guarantees access...[it] may be denied only on the basis of a compelling government interest, and only if the denial is narrowly tailored to serve that interest." 855 F2d at 182.

Based upon this strong judicial hostility to the sealing of court records, the Fourth Circuit has established rigorous standards before any document may be sealed:

1. Public notice of the request to seal must be provided and interested parties allowed a reasonable opportunity to object;

2. Consideration by the court of less drastic alternatives to sealing the document;

3. A motion to seal must be dealt with document by document; and

4. Specific reasons and factual findings supporting a decision to seal documents must be provided to the court and a specific explanation for rejecting any alternatives. Virginia Dept. of State Police v. The Washington Post, 382 F.3d 562, 675 (4th Cir. 2004); Ashcroft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

The circumstances present in this matter hardly meet these extraordinarily high judicial standards for sealing court records. The document sought to be sealed, Plaintiff's Memorandum relating to the efforts by Defendants to force the return of a previously produced document, contains nothing that would remotely justify the sealing of the document by the Court. The Memorandum appropriately addresses the document in question and, without providing any personally identifying information, describes widespread unprofessional and illegal conduct by the Defendants in the course of their pharmacy and medical practices. Simply because the wrongdoing in question is by a physician and pharmacist does not entitle these Defendants to any special treatment, secret proceedings, or sealed records. They, like all other federal litigants, participate in a court system that is public, open, and accessible.

Even in the unlikely circumstance where the Court were to entertain the sealing of the Plaintiff's Memorandum in question, no such sealing order would be appropriate without first public notice and a reasonable opportunity for the public to object and respond to the Motion to Seal. Defendants' Motion, submitted without any supporting authorities and without addressing these

2

compelling and controlling Fourth Circuit precedents, hardly forms the basis for sealing these public records.

For the reasons set forth above, Plaintiff respectfully submits that the Defendants' Motion to Seal Plaintiff's Memorandum be denied.

GERGEL, NICKLES & SOLOMON, P.A.

BY: _____
Richard Mark Gergel
Fed I.D. #1027
P. O. Box 1866
1519 Richland Street
Columbia, South Carolina 29202
(803) 779-8080

ATTORNEYS FOR PLAINTIFF

February 23, 2005